UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOVAL DIMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-117 PPS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Christoval Dimas, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 16-10-246) where a Disciplinary Hearing Officer (DHO) found him guilty of sexual conduct in violation of Indiana Department of Correction (IDOC) Policy B-216. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.* While Dimas identifies three grounds in his petition, each of these grounds challenges the sufficiency of the evidence the DHO relied on in finding him guilty.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some

factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The Conduct Report charged Dimas with violating IDOC B-216. This rule prohibits prisoners from:

> Engaging in any of the following:
> - Sexual intercourse, as defined in this Administrative Procedure, with the consent of the other offender
> - Making an explicit request, hiring, or coercing another person to have sexual contact
> - Having contact with or performing acts with an animal that would be sexual intercourse or sexual contact if with another offender
> - Clutching, exposing, fondling, or touching the offender's own intimate parts for the sexual arousal of the offender or others, whether clothed or unclothed, while observable by others.

Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Dimas as follows:

> During an investigation it was discovered that offender Dimas #110298 wrote to Charles #985019, four sexually explicit letters. In one letter Dimas thanked Charles for giving him "sexual attentions" and taking care of his

2

> physical need. Dimas describes vividly in another letter to Charles a sexual dream and the sex acts that were performed on him (Dimas) by Charles.
>
> Dimas admitted to writing the letters to Charles and to receiving a "blow job" from Charles but claimed the "blow job" (oral sex) happened in 1998. In one letter Dimas asked Charles to dispose of all the letters after he (Charles) reads them so that they do not get caught.
> Refer to Case Report 16-ISP-207

ECF 6-1.

The DHO had sufficient evidence to find Dimas guilty. The DHO relied on the confidential intelligence file and taped interviews, which were submitted to the court. The investigation file contains ample evidence that Dimas had sexual contact with Charles while incarcerated at the Indiana State Prison. This contact is described in detail by Dimas in the letters he admitted writing to Charles. While Dimas claims that his letters describe events that took place in 1998, it was the sole province of the DHO to weigh the credibility of the conflicting explanations. The DHO's determination that Dimas' contact with Charles occurred while they were incarcerated was not unreasonable or arbitrary in light of the comprehensive evidence contained in the investigation file. Thus, Dimas is not entitled to habeas corpus relief.

If Dimas wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court **DENIES** the habeas corpus petition (ECF 1). The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

ENTERED: October 13, 2017.

/s/ Philip Simon
Judge
United States District Court